UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MELISSA WADDOUPS and COREY WADDOUPS,<br><br>Plaintiffs,<br><br>v.<br><br>BARRY A. NOORDA, M.D. et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:11-cv-00133 CW<br><br>Judge Clark Waddoups |

This matter is before the court on a motion for partial summary judgment filed by Intermountain Healthcare Inc. d/b/a Logan Regional Hospital ("IHC"). Specifically, IHC moves for summary judgment on Plaintiffs' First Cause of Action for Negligence. Plaintiffs have filed a notice of non-opposition to IHC's motion because they found the motion well taken.

"Although neither party has challenged this district court's jurisdiction, insofar as subject matter jurisdiction is concerned, . . . a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quotations and citation omitted). This case is before the court on diversity jurisdiction. Plaintiffs have asserted claims against Does I–X, without asserting their citizenship. "Generally, a plaintiff's failure to make allegations about the state citizenship of fictitiously named defendants destroys diversity jurisdiction and can lead to dismissal." *Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-940, 2011 U.S. Dist. LEXIS 3101, at *4 (Jan. 12, 2011) (citation omitted).

The court therefore orders Plaintiffs to show cause **on or before March 15, 2013** why this case should not be dismissed for lack of subject matter jurisdiction. Until the jurisdictional issue is addressed, the court will not rule on the pending motion for summary judgment.

SO ORDERED this 6th day of March, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge