IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MELISSA WADDOUPS and COREY WADDOUPS,<br><br>                    Plaintiff,<br>v.<br><br>BARRY A. NOORDA, M.D.;<br>INTERMOUNTAIN HEALTH CARE INC.,<br>d/b/a LOGAN REGIONAL HOSPITAL;<br>CACHE VALLEY WOMEN'S CENTER;<br>and DOES 1-X,<br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:11-cv-133-CW-BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This case has been referred to Magistrate Judge Brooke C. Wells by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the Court are two motions:

a. Intermountain Healthcare, Inc., d/b/a Logan Regional Hospital's Motion (1) to Compel Deposition Testimony of Sharon McLing; (2) to Compel McLing to Appear in Salt Lake City for Supplemental Deposition; (3) for Rule 30(d)(2) Sanctions and (4) for Rule 37(a)(5)(A) Reasonable Attorney Fees and Costs[2] ("Motion to Compel") and

b. Plaintiff's Motion for Protective Order.[3]

Oral argument on both Motions was held on September 24, 2013, at which time attorney Ryan Springer[4] appeared on behalf of Plaintiffs and attorneys Julia Houser and

---

[1] Docket no. 58.
[2] Docket no. 165. This Motion was joined by Defendants Barry A. Noorda and Cache Valley Women's Center, docket no. 193.
[3] Docket no. 199.

Stephen Owens appeared on behalf of the Defendants. Before the hearing, the Court carefully considered the memoranda and other materials submitted by the parties as well as the procedural posture and history of this case. Since taking the matter under advisement,[5] the Court has further considered the law and the facts relating to these motions. For the reasons stated below the Court GRANTS the Motion to Compel and DENIES the Motion for Protective Order.

## RELEVANT BACKGROUND

On March 13, 2013, Defendants Barry A. Noorda, M.D., and Cache Valley Women's Center filed a Motion to Compel the Depositions of Sharon McCling, the Plaintiff's mother and Charles Acevedo, Plaintiff's physical therapist.[6] After Plaintiffs failed to file an opposition memorandum, the Court granted the Motion to Compel due to lack of opposition.[7]

Mrs. McLing's deposition was held on May 8, 2013 in Preston, Idaho. During the deposition, Plaintiffs' counsel, Michael Karras,[8] either instructed Mrs. McLing not to answer a number of questions or threatened to instruct her not to answer Defendants' counsels' questions.[9] For example, the following exchange is taken from Mrs. McLing's deposition:

> Q: (Mr. Owens) How many years after the abuse was it –
> A: (Mrs. McLing) That is nothing to do with this case at all.

---

[4] As discussed at the hearing, the Court was not pleased that neither attorneys Michael Karras nor G. Eric Neilson was present for oral argument on these motions as their conduct, especially the conduct of Mr. Karras, was at issue.
[5] Docket no. 117.
[6] Docket no. 106.
[7] Docket 117.
[8] Although disputed at Mrs. McLing's deposition and in the briefing, the Court finds Mr. Karras is also counsel for Mrs. McLing solely for the purposes of her deposition in this case.
[9] See Exh. 1, docket no. 165, Depo. of Sharon McLing at 22:16-22; 23:10-15; 43:4-9, 18-19; 45: 3-6; 47:15-17; 50:17-20; 57:14-15; 58:16-19; 64:24-25.

>Mr. Karras:  She's not going to answer that question.  What does it have to do –
>
>Mr. Owens:  I'm going to say my expert says there's a big connection between sexual abuse and pelvic pain.
>
>Mr. Karras:  Of course he is going to say that .  But whether or not-
>
>Mr. Owens: I'm not arguing with you.  This is inappropriate.  Let me ask my questions.  If you want to object, you object.
>
>Q:  (By Mr. Owens)  How many years after it was – did the abuse take place was it reported?
>
>Mr. Karras:   I'm instructing her not to answer that question, because it has nothing to do with Melissa's mental health.  It has nothing to do with Melissas' mental health.[10]

At oral argument, Plaintiffs' attorney Ryan Springer conceded that by instructing Ms. McCling not to answer Defendants' questions, Mr. Karras violated the Federal Rules of Civil Procedure.[11]  Therefore, the Court grants Defendant's Motion to Compel and orders Mrs. Sharon McLing to appear for her deposition to answer Defendants' questions not allowed to be asked at the previous deposition.   The deposition is to occur no later than thirty (30) days from the date of this Order and shall not have an effect on any of the other established case deadlines.[12]  Accordingly, Plaintiff's Motion for Protective Order is denied.  However, the Court is cognizant of the delicate issues in this case and therefore reminds counsel to ask the necessary questions in as professional and as non-offending manner as possible.

---

[10] Id. at 43:15-25; 44:1-8.
[11] See  Rule 30 F.R.C.P.; Yeager v. Fort Knox Security Products, Inc., No. 2:11-cv-00091, 2013 WL 1786347 (D. Utah ,April 25, 2013)(unpublished)(holding Plaintiff's counsel has two options under Rule 30 on how to proceed at a deposition in which an attorney deems questions to be inappropriate.  One, counsel can lodge objections on the record and allow deponent to continue to answer questions or two stop the deposition in order to seek court intervention).
[12] See Scheduling Order, docket no.  167.

As for the requested sanctions, Rules 30 and 37 of the Federal Rules of Civil Procedure provide the mechanisms for sanctions and/or attorney fees and expense costs to be awarded when parties fail to cooperate in discovery.  Specifically, Rule 30(d)(2) provides, "[t]he Court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."  In addition, Rule 30(d)(3)(C) directs that "Rule 37(a)(5) applies to the award of expenses."  In relevant part, Rule 37(a)(5) provides:

> [i]f the motion is granted—or if the disclosure or requested discovery is provided after motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent upon whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. **But the court must not order this payment if:**  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, the Court concludes that Mr. Karras' conduct during Mrs. McLing's deposition impeded, delayed and frustrated the fair examination of Mrs. McLing in violation of Rule 30. Therefore, Mr. Karras is to be sanctioned.  In addition, upon review and consideration of the allegations of further interference with other depositions in this case by Plaintiffs' attorney G. Eric Nielson that are set forth in Defendant's Motion for Joinder,[13] the Court finds additional violations of Rule 30 have occurred.  Specifically, Mr. Neilson answered questions for witnesses, improperly objected to counsel's questions and like Mr. Karras, instructed a witness not to answer.[14]  Importantly, Plaintiffs have failed to file a response or opposition memorandum to the

---

[13] Docket nos, 172.
[14] See id.

Motion for Joinder nor otherwise respond to the allegations contained therein.  Also, during oral argument, Attorney Springer stated that Mr. Neilson is the supervising attorney in the instant case.  With these considerations in mind, the Court finds that in addition to Mr. Karras, Mr. Neilson is in violation of Rule 30 for impeding and frustrating the fair examination of deponents.  The sanction for Mr. Karras and Mr. Neilson's violations of Rule 30 is two thousand five hundred dollars ($2,500.00) and the payment of attorney's fees to counsel for Defendants in having to bring and defend their Motion to Compel and re-depose Mrs. McCling.  The Court bases its decision on what appears to be Plaintiffs' counsel's continued disregard of requirements of the Federal Rules of Civil Procedures' mechanisms for objections and/or court invention during depositions.

    As to the award of expenses, the Court concludes counsel for the Defendants made a good faith effort to resolve these disputes relating to Mrs. McLing's deposition through both written correspondence that was attached to the original Motion to Compel[15] and during the deposition of Mrs. McLing.  Second, the Court does not find Mr. Karras' instructions to Mrs. McLing to be substantially justified; therefore, his conduct is in clear violation of the Federal Rules of Civil Procedure. Lastly, there are no other circumstances that make the award of expenses unjust.  To the contrary, the facts suggest that the award of expenses is warranted in this case.   It was a clear violation of the Federal Rules of Civil Procedure for Mr. Karras to instruct or threaten to instruct Mrs. McLing not to answer Defendants' counsel's questions during her deposition.  Furthermore, the Court is not pleased with what appears to be counsel for the Plaintiffs' continued disregard of the Utah Rules of Civility and Professionalism to which the

---

[15] See Exhs. docket no. 106.

Court has previously specifically ordered Plaintiffs to adhere.[16]  Therefore, an award of expenses is not unjust and is hereby ordered.

## CONCLUSION & ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendants' Motion to Compel Deposition of Sharon McLing; Compel McLing to Appear in Salt Lake City for Supplemental Deposition; For Rule 30(d)(2) Sanctions and Rule 37(a)(5)(A) Reasonable Attorney Fees and Costs[17] is GRANTED.

2. Plaintiff's Motion for Protective Order[18] is DENIED.

3. Mrs. Sharon McLing is to be redeposed *in Salt Lake City* within 30 (thirty) days of this order.

4. Mrs. McLing is to fully cooperate in the supplemental deposition.

5. Counsel for Defendants are to submit affidavits outlining attorneys' fees and expenses for having to bring their Motion to Compel and for the expenses of Ms. McLing's supplemental deposition. These affidavits are to be submitted to the Court no more than ten (10) days after Ms. McLing's supplemental deposition.  Upon receipt of these affidavits, the Court will make a final determination concerning the amount of attorneys' fees and expenses that are to be awarded.

6. In addition to attorneys' fees and costs, Attorneys Michael Karras, G. Eric Nielson are assessed $2,500 jointly and severally as a sanction for violations of the Federal Rules of Civil Procedure and the Utah Rules of Civility and

---

[16] See docket no. 86.
[17] Docket no. 165.
[18] Docket no. 199.

Professionalism.  This amount is to be paid to the Clerk of Court **within thirty (30) days from the issuance of this Order**.

7. **All parties are to adhere to the <u>Federal</u> Rules of Civil Procedure and the Utah Rules of Civility and Professionalism for the remainder of this case, including any subsequent depositions.**

8. **All parties are to keep the Court informed of any stipulations regarding extensions of time and file a "Notice of Non-opposition" to any Motion in which they do not intend to respond and/or oppose.**

**IT IS SO ORDERED.**

DATED this 26 September 2013.

_____
Brooke C. Wells
United States Magistrate Judge